**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Glenroy Cranston**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Angelic Behavioral Health LLC**, an Arizona corporation, and **Joseph Ndungu and Esperance Mapendo**, a Married Couple, | |
| Defendant. | |

Plaintiff, Glenroy Cranston ("Plaintiff" or "Glenroy Cranston"), sues the Defendant, Angelic Behavioral Health LLC and Joseph Ndungu and Esperance Mapendo ("Defendants"), and alleges as follows:

## **PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

**PARTIES**

7.   At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

8.   At all material times, Defendant Angelic Behavioral Health LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Angelic Behavioral Health LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.   At all relevant times, Defendant Angelic Behavioral Health LLC owned and operated as "Angelic Behavioral Health," a behavioral health facility doing business in Phoenix, Arizona.

10.   Under the FLSA, Defendant Angelic Behavioral Health LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Angelic Behavioral Health LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in

relation to the company's employees, Defendant Angelic Behavioral Health LLC is subject to liability under the FLSA.

11.     Defendants Joseph Ndungu and Esperance Mapendo are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Joseph Ndungu and Esperance Mapendo are owners of Defendant Angelic Behavioral Health LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendants Joseph Ndungu and Esperance Mapendo are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Joseph Ndungu and Esperance Mapendo had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Angelic Behavioral Health LLC.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Joseph Ndungu and Esperance Mapendo are subject to individual liability under the FLSA.

13.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14.     Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

1  25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in
2  interstate commerce.

3  26. Plaintiff, in his work for Defendant, regularly handled goods produced or
4  
5  transported in interstate commerce.

6  **FACTUAL ALLEGATIONS**

7  27. Defendants own and/or operate as "Angelic Behavioral Health," a
8  behavioral health facility located in Maricopa County, Arizona.

9  28. Plaintiff was hired by Defendants to work as a behavioral health technician
10  
11  in approximately August 2022.

12  29. At all relevant times, Plaintiff worked for Defendants from approximately
13  August 1, 2022, through approximately August 21, 2022.

14  30. Defendants, in their sole discretion, agreed to pay Plaintiff approximately
15  
16  $13 per hour.

17  31. Defendants classified Plaintiff as W-2 employee.

18  32. Plaintiff worked the following dates and times:

19  
20      a. August 2, 2022: 7:00 a.m. to 12:12 a.m.

21      b. August 3, 2022: 7:00 a.m. to 12:15 a.m.

22      c. August 4, 2022: 7:00 a.m. to 1:35 a.m.

23      d. August 5, 2022: 7:00 a.m. to 2:24 a.m.

24  
25      e. August 6, 2022: 7:00 a.m. to 2:46 a.m.

26      f. August 7, 2022: 7:00 a.m. to 2:15 a.m.

27      g. August 8, 2022: 7:00 a.m. to 2:21 a.m.

      h.      August 9, 2022: 7:05 a.m. to 2:12 a.m.

      i.      August 10, 2022: 7:03 a.m. to 1:48 a.m.

      j.      August 11, 2022: 7:00 a.m. to 2:12 a.m.

      k.      August 12, 2022: 7:30 a.m. to 12:07 a.m.

      l.      August 13, 2022: 7:10 a.m. to 1:14 a.m.

      m.      August 14, 2022: 7:10 a.m. to 1:54 a.m.

      n.      August 16, 2022: 7:07 a.m. to 2:19 a.m.

      o.      August 17, 2022: 7:01 a.m. to 2:19 a.m.

      p.      August 19, 2022: 7:04 a.m. to 1:56 a.m.

      q.      August 20, 2022: 7:09 a.m. to 2:57 a.m.

      r.      August 21, 2022: 7:00 a.m. to 8:45 p.m.

33. Defendants failed to compensate Plaintiff any wages whatsoever for such time worked.

34. As such, Defendants failed to compensate Plaintiff any wages whatsoever for the three workweeks he worked for them.

35. Therefore, for the three workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

36. Shortly after Plaintiff's employment ended, Plaintiff contacted Defendants to inquire as to when he could expect to be paid for the work he performed for them.

37. In response, Defendants informed Plaintiff that, because he left their employment without providing prior notice, he would be forfeiting all wages otherwise due and owing to him.

38. To date, Defendants still have not paid any wages whatsoever to Plaintiff for such time worked.

39. As a result of not having paid any wage whatsoever to Plaintiff during his three workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

40. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

41. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

42. As a result of Defendant's failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AMWA, A.R.S. § 23-350, et seq.

43. Plaintiff was a non-exempt employee.

44. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

45. Plaintiff is a covered employee within the meaning of the FLSA.

46. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

47. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

48. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

49. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. As a result of not paying Plaintiff any wage whatsoever for the three workweeks of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

52. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

53. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Glenroy Cranston, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. As a result of not paying Plaintiff any wage whatsoever for his three workweeks of his employment, Defendants willfully failed or refused to pay Plaintiff the Arizona minimum wage.

56. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

57. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Glenroy Cranston, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

    A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

    B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

    C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

    D.    For the Court to award prejudgment and post-judgment interest;

    E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

    F.    Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT ANGELIC BEHAVIORAL HEALTH LLC ONLY**

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. As a result of the allegations contained herein, Defendant Angelic Behavioral Health LLC did not compensate Plaintiff wages due and owing to him.

60. Defendant engaged in such conduct in direct violation of A.R.S. § 23-350.

61. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final workweek in which he was employed by Defendant Angelic Behavioral Health LLC.

62. Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Glenroy Cranston, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant Angelic Behavioral Health LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 3rd day of October, 2022.

                                          BENDAU & BENDAU PLLC

                                          By: /s/ *Clifford P. Bendau, II*
                                          Clifford P. Bendau, II
                                          Christopher J. Bendau
                                          *Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Glenroy Cranston, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Glenroy Cranston (Oct 4, 2022 02:13 PDT)
Glenroy Cranston

# CRANSTON; COMPLAINT DRAFT 1 (TO CLIENT); 10-3-22

Final Audit Report                                                                                           2022-10-04

| | |
|---|---|
| Created: | 2022-10-03 |
| By: | Clifford Bendau (cliffordbendau@bendaulaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAOgj-TIQl-kzjcl6GlnQ0Z2zwKpd9VP8n |

## "CRANSTON; COMPLAINT DRAFT 1 (TO CLIENT); 10-3-22" History

- Document created by Clifford Bendau (cliffordbendau@bendaulaw.com)
  2022-10-03 - 10:18:31 PM GMT- IP address: 72.208.145.31

- Document emailed to traviscranston187@gmail.com for signature
  2022-10-03 - 10:18:56 PM GMT

- Email viewed by traviscranston187@gmail.com
  2022-10-03 - 10:52:10 PM GMT- IP address: 66.249.84.91

- Signer traviscranston187@gmail.com entered name at signing as Glenroy Cranston
  2022-10-04 - 9:13:42 AM GMT- IP address: 172.56.184.123

- Document e-signed by Glenroy Cranston (traviscranston187@gmail.com)
  Signature Date: 2022-10-04 - 9:13:43 AM GMT - Time Source: server- IP address: 172.56.184.123

- Agreement completed.
  2022-10-04 - 9:13:43 AM GMT

**Adobe Acrobat Sign**